LEISURE CAVIAR, *et al.*,   )
                            )
   *Plaintiffs*,         )  Case No. 1:07-cv-304
                            )
v.                          )  Judge Mattice
                            )
UNITED STATES FISH AND      )
WILDLIFE SERVICES, *et al.* )
                            )
   *Defendants*.         )

## MEMORANDUM AND ORDER

Plaintiffs Leisure Caviar, LLC and Bemka Corporation's ("Plaintiffs") Motion to Alter or Amend the Judgment [Court Doc. 49] is presently before the Court. Plaintiffs contend that the Court erred in dismissing Plaintiffs' claim arising under the First Amendment to the United States Constitution, Plaintiffs' tort claims, Plaintiffs' request for mandamus relief, and as a result of newly discovered evidence Plaintiffs hae obtained. [Court Doc. 51, Pls.' Br. at 3-4.] Defendants United States Fish and Wildlife Service (hereinafter "USFWS"), Timothy J. Van Norman, and Jorge D. Villavicencio's (hereinafter collectively "Defendants") contend that Plaintiffs have failed to establish any legal error, have identified no evidence requiring amendment of the judgment, and failed to establish any manifest injustice by the Court's dismissal of Plaintiff's claims. [Court Doc. 56, Defs.' Resp. Br. at 1.]

For the reasons explained below, the Court will **DENY** Plaintiffs' Motion to Alter or Amend the Judgment. [Court Doc. 49.]

**I.    STANDARD**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment within ten days after entry of the judgment. A Rule 59(e) motion can

be granted for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A decision to grant or deny a Rule 59(e) motion is within the discretion of the district court. *See id.* at 832.

"A Rule 59(e) motion to alter or amend is not the proper vehicle to raise arguments that should have been made before judgment." *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 434 (6th Cir. 2005); *see also Thomas v. Health Prime, Inc.*, 211 F.3d 1270, 2000 WL 571941, at *4 (6th Cir. May 3, 2000) ("A party should not use the motion to 'raise arguments which could, and should, have been made before judgment issued.' "). In other words, such a motion "does not afford parties an opportunity to reargue their case." *Zink v. Gen. Elec. Capital Assurance Co.*, 73 F. App'x 858, 861 (6th Cir. 2003).

## II.  FACTS

Plaintiffs initiated the instant case against Defendants on December 26, 2007. The lawsuit asserts tort claims and seeks a writ of mandamus, arising out of violations of Plaintiffs' rights as guaranteed by the First Amendment of the U.S. Constitution. On May 23, 2008, Defendants filed a motion to dismiss on the grounds that the Court lacked subject matter jurisdiction over Plaintiffs' claims and that the amended complaint failed to state a claim upon which relief could be granted. (Court Doc. 14, Defs.' Mot. to Dismiss.) On May 23, 2009, Plaintiffs filed a response to Defendants' Motion to Dismiss and also filed: (1) a motion to strike extraneous documents submitted with Defendants' motion to dismiss; and (2) a motion to stay consideration of the motion in order to allow Plaintiffs to

obtain discovery in aid of their response. (Court Doc. 16, Pls.' Resp. to Defs.' Mot. to Dismiss.) On December 15, 2008, the Court issued a Memorandum and Order which granted Defendants' Motion to Dismiss and denied Plaintiffs' Motion to Strike. (Court Doc. 47, Mem. & Order.)

## III. ANALYSIS

The Court dismissed Plaintiffs' claims for failing to meet the jurisdiction requirements of the Federal Tort Claims Act and held that Plaintiffs were not entitled to mandamus relief because "the processing and issuance of an export permit is a discretionary, non-ministerial agency action, which is predicated upon the investigation and findings of the" USFWS. *See* Dec. 15, 2008 Memo. & Order at 10-16.

Plaintiffs now, however, assert that the Court erred in dismissing their claims because "information was obtained ... that lead Plaintiffs to believe that a further amendment to their Complaint would be appropriate, specifically adding Defendants Van Norman and Villavicencio, currently sued only in their official capacities, as Defendants in their individual capacities, and challenging the constitutionality of the CITES permitting guidelines." Pls.' Br. at 4. Plaintiffs also allege that the Court erred in dismissing its First Amendment claim for lack of jurisdiction because Plaintiffs are entitled to "sue the employee[s] directly for constitutional violations" without fulfilling the requirements of the FTCA. Pls.' Br. at 8 citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Harris v. U.S.*, 422 F.3d 322, 324 (6th Cir. 2005).[1]

---

[1] The Court notes that Plaintiffs are not entitled to initiate a *Bivens* claim against Defendants in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 475-86 (1994); *Shaner v. U.S.*, 976 F.2d 990, 994 (6th Cir. 1992).

Plaintiffs have failed to persuade the Court that it should to alter or amend its prior ruling and now allow Plaintiffs to sue Defendants Villaviceno and Van Norman in their individual capacities.  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' " *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

Plaintiffs rely upon certain evidence to support the motion to Amend the Amended Complaint, namely the depositions of Defendants Villaviceno and Van Norman.  *See* Pls.' Br. at 3.  To constitute "newly discovered evidence" under Rule 59(e), however, the "evidence must have been previously unavailable."  *GenCorp*, 178 F.3d at 834.  In this instance, Plaintiffs have not demonstrated that such evidence was unavailable prior to Court's ruling on Defendants' Motion to Dismiss.  In the absence of a showing of prior unavailability, the Court must conclude that Plaintiffs have not established that this evidence is "newly discovered" and that, as a result, such evidence does not provide a basis for the alteration or amendment of the judgment under Rule 59(e).

Plaintiffs also contend that exhaustion of the USFWS administrative remedies under the FTCA would result in a manifest injustice and that the Court should grant a writ of mandamus. Pls.' Br. at 8-13.  Plaintiffs futility and "interest of justice" arguments were made in the initial opposition to Defendants' Motion to Dismiss. (Court Doc. 21, Pls. Resp. Br. Mot. to Dismiss. at 7-8, 13-15.)  Moreover, Plaintiffs have failed to identify any error of

-4-

Case 1:07-cv-00304   Document 69   Filed 09/25/09   Page 4 of 5   PageID #: 658

law with respect to the Court's dismissal of Plaintiffs' claims against Defendants due to their failure to exhaust of administrative remedies. Similarly, Plaintiffs' repeated mandamus request fails to rebut the established case law cited in the Court's Memorandum and Order. Rule 59(e) of the Federal Rules of Civil Procedure "does not afford parties an opportunity to reargue their case." *Zink*, 73 F. App'x at 861. Thus, the Court will **DENY** Plaintiffs' Motion to Alter or Amend the Judgment to Dismiss Plaintiffs' Claims With Prejudice. [Court Doc. 49.]

## IV. CONCLUSION

For the reasons explained herein, Plaintiffs' Motion to Alter or Amend the Judgment to Dismiss Plaintiffs' Claims With Prejudice is **DENIED**. [Court Doc. 49.] Plaintiffs' Motion to Amend/Revise the Second Amended Complaint [Court Doc. 60] and Defendant's Motion for Leave to File a Memorandum Exceeding Twenty-Five Pages [Court Doc. 65] is **DENIED** as **MOOT**. The costs of this action shall be taxed against the Plaintiffs.

SO ORDERED this 25th day of September, 2009.

          */s/Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE